UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREVOR SHANE SCOTT<br><br>Plaintiff,<br><br>v.<br><br>BATTELLE MEMORIAL INSTITUTE d/b/a PACIFIC NORTHWEST NATIONAL LABORATORY,<br><br>Defendant. | CASE NO. 4:24-CV-5087-TOR<br><br>**STIPULATED PROTECTIVE ORDER** |

**I.    PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with FRCP 26(c). It does not automatically confer blanket protection on

STIPULATED PROTECTIVE ORDER - 1

all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. Moreover, the stipulation does not waive a party's right to object to production of any records where the information is subject to an evidentiary privilege.

## II. DEFINITIONS

For purposes of this Order, the following terms shall have the following meanings:

A. "Order" means the executed version of this Protective Order (the "Order") executed and entered by the Court in the above-captioned case.

B. "Party" or "Parties" means all persons or entities designated in the caption in 4:24-CV-5087-TOR as it may be amended from time to time.

C. "Proceeding" means the above-captioned lawsuit filed in the United States District Court for the Eastern District of Washington and currently pending before the undersigned.

D. "Document(s)" shall be construed in its broadest sense and means information in any form whatsoever, including deposition testimony, all written, printed, electronically stored, recorded, taped, digitally encoded, graphic,

STIPULATED PROTECTIVE ORDER - 2

photographic, or other information and all copies, reproductions, summaries, translations and drafts thereof, including all copies bearing notations.

E. "Confidential Information" means either Documents or parts of Documents and the information contained therein that a party reasonably and in good faith determines to constitute or concern (1) information related to one or more of the parties' (or third parties') performance of any security-sensitive or classified function(s) performed for or at the behest of the United States Department of Energy ("DOE") or any other state or federal government agency; (2) trade secrets or other confidential research or development, (3) information related to any one or more the parties' (or third parties') sensitive personnel and payroll files and confidential personal information for current and former employees, (4) information subject to confidentiality agreements, (5) financial information of one or more of the parties (or third parties); (6) information related to the marketing, pricing, and delivery of the goods or services of one or more the parties (or third parties); (7) information related to business or legal processes and methods of one or more of the parties (or third parties); (8) information related to medical or counseling services provided to or received by one or more the parties (or third parties); and (9) any other material the Producing Party believes, in good faith, should be considered and treated as confidential.

STIPULATED PROTECTIVE ORDER - 3

F. "Confidential" means any Document containing Confidential Information.

G. "Non-Party" means a person or entity who is not identified as a Party in the caption, but who produces Confidential Information to one or more Parties.

H. "Producing Party" means any Party or Non-Party producing the requested information or documents pursuant to a discovery request or subpoena.

I. "Receiving Party" means any Party receiving the requested information or documents pursuant to a discovery request or subpoena.

### III.   SCOPE

The protections conferred by this agreement cover not only Confidential Information, but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

### IV.   ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

4.1    <u>Basic Principles</u>. A Receiving Party may use Confidential Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

STIPULATED PROTECTIVE ORDER - 4

Confidential Information may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a Receiving Party may disclose any Confidential Information only to:

    a)  the Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b)  the officers, directors, and employees (including in house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    c)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d) the court, court personnel, and court reporters and their staff;

STIPULATED PROTECTIVE ORDER - 5

e) copy or imaging services retained by counsel to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information;

f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    <u>Filing Confidential Information</u>. Before filing Confidential Information or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the

STIPULATED PROTECTIVE ORDER - 6

confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

If any Confidential Information is filed with the Court, or appended to, or disclosed in any court paper, then the Party should follow the requirements below. The Party seeking to submit any information marked "Confidential" shall file a motion requesting that the court seal the filing. The motion must include the following:

a. A non-confidential description of the material sought to be sealed;

b. The circumstances that warrant sealed filing;

c. The reason(s) why no reasonable alternative to a sealed filing exists;

d. If applicable, a statement that the party is filing the material under seal because the Producing Party has designated the material under the terms of a protective order in a manner that triggered an obligation to file the material under seal and that the filing party has unsuccessfully sought the consent of the Producing Party to file the materials without being sealed;

e. If applicable, a statement that a person designating materials under the terms of a protective order that is not a party to the action is being served with a copy of the motion for leave; and

STIPULATED PROTECTIVE ORDER - 7

f. A statement that specifies how long the party seeks to have the material maintained under seal and how the material is to be handled upon unsealing.

Within five business days of the filing or provisional filing of a document under seal, the party that filed the document should file a public redacted version of the document. If an entire document is filed under seal, the party is not required to re-file a public version of the document.

To the extent the Documents filed under seal shall be filed with the Clerk of Court, it shall be filed separately in sealed envelopes bearing the caption of the applicable action, a brief description of the nature of the contents of the sealed envelope, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement in substantially the following form: "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT." Alternatively, the party filing the Confidential Information shall abide by any other sealing procedure established by the Court in its local rules.

If any person fails to file Confidential Information under seal, the Producing Party may request that the Court place the filing under seal.

STIPULATED PROTECTIVE ORDER - 8

## V.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection

STIPULATED PROTECTIVE ORDER - 9

under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    (b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>:  the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.

Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

    (c) <u>Other tangible items</u>: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion

STIPULATED PROTECTIVE ORDER - 10

or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged

STIPULATED PROTECTIVE ORDER - 11

in a good faith meet and confer with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     *Judicial Intervention*. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## VII.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

STIPULATED PROTECTIVE ORDER - 12

subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## IX.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production

STIPULATED PROTECTIVE ORDER - 13

without prior privilege review. If a document containing information subject to the Attorney-Client Privilege or Work Product Doctrine or any legal prohibition against disclosure is inadvertently disclosed, the inadvertent disclosure shall not constitute a waiver by the Producing Party of the Attorney-Client Privilege or Work Product Doctrine or any legal prohibition against disclosure for that document or for the subject matter disclosed.

## X. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Confidential Information to the Producing Party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.

## XI. SUMMARY AND MODIFICATIONS

Any disputes concerning the terms or implementation of this Protective Order shall be resolved by the Court.

STIPULATED PROTECTIVE ORDER - 14

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. If one or both of the parties believe that the provisions of this Protective Order do not offer adequate protections given discovery sought, they may petition the court to modify the terms of this Protective Order.

Presented by:

DATED this 24th day of September, 2024.

| PECHTEL LAW PLLC | SUMMIT LAW GROUP, PLLC |
|---|---|
| By *s/Adam R. Pechtel (with permission)*<br>   Adam R. Pechtel, WSBA #43743<br>   21 N Cascade Street<br>   Kennewick, WA 99336<br>   (509) 586-3091<br>   adam@pechtellaw.com<br><br> *Attorney for Plaintiff*<br> *Trevor Shane Scott* | By *s/Seth J. Berntsen*<br>   Seth J. Berntsen, WSBA #30379<br>   Eva Sharf Oliver, WSBA #57019<br>   315 Fifth Ave S., Suite 1000<br>   Seattle, WA 98104<br>   sethb@summitlaw.com<br>   evao@summitlaw.com<br><br> *Attorneys for Defendant*<br> *Battelle Memorial Institute, dba*<br> *Pacific Northwest National*<br> *Laboratory* |

**IT IS SO ORDERED**.

DATED: September 24, 2024.



Thomas O. Rice
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER - 15

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ in the case of *Trevor Shane Scott v. Battelle Memorial Institute d/b/a Pacific Northwest National Laboratory* (Case No. 4:24-cv-05087-TOR). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____
City and State where sworn and signed: _____
Printed Name: _____
Signature: _____

STIPULATED PROTECTIVE ORDER - 16